DURWOOD WHITTLE, *et al.*, *Appellants*, v. ADDIE LONG, AS ADMINISTRATRIX, &c., *Appellee*.

Opinion Filed December 1, 1914.

Where a suit is irregularly brought in the name of a deceased person as sole complainant, and after decree *pro confesso* a real party is made sole complainant, no notice thereof being served on the defendants and they in no wise appear in the cause, the defendants not having had their day in court as to the amendment, a decree against the defendants is erroneous.

Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree reversed.

*H. P. Baya* and *E. B. Drumright,* for Appellnats;

*C. C. Whitaker,* for Appellee.

WHITFIELD, J.—A suit to enforce a mortgage lien upon land was brought in the name of the mortgagee who was then deceased, and service of process was made upon the defendants who did not appear. A decree *pro confesso* was entered for failure to plead, answer or demur. Subsequently the successor in title to the mortgagee, upon petition, no notice of which was served on the defendants, was admitted and made the sole complainant. Testimony was taken for the complainant, the defendants not appearing in the cause before final decree against them from which they appealed.

As the suit was irregularly brought in the name of a deceased person as the sole complainant, and as after decree *pro confesso* a real party was made the sole complainant, no notice thereof being served on the defendants and they in no wise appeared in the cause and the appellants not having had their day in court as to this amendment, the decree against them is erroneous, and on their appeal such decree is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.